**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1880
_____

RICE ENTERPRISES, LLC
                                        Appellant

v.

RSUI INDEMNITY CO and ZENITH INSURANCE
COMPANY

_____

On Appeal from the United States District Court for the
Western District of Pennsylvania
(District Court No. 2:23-cv-00846)
District Court Judge: Honorable Marilyn J. Horan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 16, 2025

(Filed: April 30, 2025)

Before:  CHAGARES, *Chief Judge*, SCIRICA and RENDELL, *Circuit Judges*.
_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge.*

Appellant Rice Enterprises, LLC appeals the District Court's order dismissing its claims for insurance coverage against Zenith Insurance Company and partially dismissing its claims against RSUI Indemnity Company. Appellant argues the District Court erred in applying two exclusions from the Zenith policy and in finding that coverage under RSUI's "Umbrella" policy had not been "triggered." *Rice Enters., LLC v. RSUI Indem. Co.*, 705 F. Supp. 3d 460, 471–72 (W.D. Pa. 2023). We will affirm.

## I.

Appellant operated eight McDonald's franchises in Allegheny County, Pennsylvania. On September 21, 2021, Appellant's former employee, L.H., sued Appellant in the Allegheny County Court of Common Pleas for negligence. L.H. alleged Appellant had hired a manager who was a "Lifetime Offender" under Megan's Law, who proceeded to sexually harass and ultimately rape L.H. JA282, 284, 290.

Appellant sought coverage with respect to L.H.'s suit under three insurance policies: one issued by Zenith and two by RSUI. The Zenith policy was the "Employers' Liability" half of a dual "Workers' Compensation and Employers' Liability" policy, which covered liability due to "bodily injury . . . aris[ing] out of and in the course of [an] injured employee's employment." JA361–62. RSUI's two policies were a "Directors and Officers Liability" policy and a "Commercial Umbrella" liability policy. *Rice Enters.*, 705 F. Supp. 3d at 465. The Umbrella policy, the only RSUI policy at issue on appeal, provided for a defense if:

a. The applicable limits of insurance of the "underlying insurance" and other insurance have been used up in the payment of judgments or settlements; or

b. No other valid and collectible insurance is available to the insured for damages covered by this policy.

JA446.

Zenith moved to dismiss all claims against it, and RSUI moved to dismiss Appellant's claims only as to the Umbrella policy. The District Court granted both motions.

As to the Zenith policy, the District Court ruled that two exclusions applied. The first, termed "C.4," excluded coverage for "[a]ny obligation imposed by a workers' compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law." *Rice Enters.*, 705 F. Supp. 3d at 467 (quoting Zenith policy). The District Court interpreted C.4 to bar coverage for any claim falling within the exclusive domain of Pennsylvania's Workers' Compensation Act. *Id.* at 468. And it determined L.H.'s suit was such a claim because "the injuries and damages alleged by L.H. occurred during the course of [L.H.'s employment] and at L.H.'s Rice employment worksite." *Id.* at 469. The second exclusion, "C.7," barred coverage for "[d]amages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions." *Id.* at 467 (quoting Zenith policy). Because all allegations in L.H.'s complaint described harassing conduct by her supervisor, the District Court concluded C.7 applied. *Id.* at 469–70.

3

As to the RSUI Umbrella policy, the District Court determined that coverage was not "triggered" because there was no allegation that other insurance (such as RSUI's Directors and Officers policy) had been used up or was unavailable. *Id.* at 472.

Litigation then proceeded on the RSUI Directors and Officers policy. At Appellant's request, the District Court certified its dismissal order as a final judgment under Federal Rule of Civil Procedure 54(b), allowing Appellant to take the present appeal. *Rice Enters., LLC v. RSUI Indem. Co.*, No. 23-cv-846, 2024 WL 1973498, at *5 (W.D. Pa. May 3, 2024).

## II.[1]

### A. Zenith Policy

We find it sufficient to analyze exclusion C.7 and do not reach C.4. Appellant argues the District Court erred in applying C.7 because Appellant's liability arose out of "sexual misconduct" rather than "harassment." Appellant's Br. 18 (emphasis deleted). But Appellant provides no authority that the term "harassment" cannot include sexual misconduct, and, in ordinary usage, it can. *See Patton v. Keystone RV Co.*, 455 F.3d 812, 816 (7th Cir. 2006) ("[I]nstances of physical contact . . . have the potential to be among

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review the grant of a motion to dismiss de novo, *City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 166 (3d Cir. 2014), asking whether the "complaint . . . contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Since the scope of a motion to dismiss is confined to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014), we take the facts as they existed at the time of Appellant's complaint and do not consider Appellant's later settlement with L.H.

the most severe and psychologically damaging types of sexual harassment."); *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 653 (1999) (describing harassment under Title IX that included "numerous acts of objectively offensive touching" amounting to "criminal sexual misconduct").

Appellant also argues the case should have been allowed to proceed to discovery because the applicable Pennsylvania law was unsettled. But Appellant does not identify any facts that could be obtained in discovery that would change the outcome. And federal courts are empowered to decide unsettled questions of state law by predicting how the state's highest court would rule. *Keystone Aeronautics Corp. v. R. J. Enstrom Corp.*, 499 F.2d 146, 147 (3d Cir. 1974).

Accordingly, Appellant's claims against Zenith were properly dismissed.

## B. RSUI Umbrella Policy

The RSUI Umbrella policy provides for a defense[2] if other insurance policies (such as the Directors and Officers policy) have been used up or are unavailable. Appellant's complaint does not allege that either condition was met. In particular, the complaint does not allege that Appellant had exhausted the limits of the RSUI Directors and Officers policy or that that policy was not available to cover Appellant's liability to L.H. Thus, Appellant's claims under the RSUI Umbrella policy were properly dismissed.

While Appellant now concedes that "the underlying insurance policies had not yet been exhausted," Appellant nevertheless argues that the RSUI Umbrella policy should

---

[2] Appellant's brief does not discuss the duty to indemnify or reference its declaratory judgment claims, and thus we do not consider those issues.

have been kept in the case for convenience. Appellant's Br. 20. However, the question on a motion under Rule 12(b)(6) is whether "a complaint . . . contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation marks omitted). Since that standard was not met, the District Court was correct to dismiss the claim. Appellant also suggests that a reversal as to Zenith could affect the RSUI Umbrella policy. Since we have not reversed as to Zenith, we need not consider that argument.

## III.

For these reasons, we will affirm the judgment of the District Court.